IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV306-03-MU

| | |
|---|---|
| ERIC TOLBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **O R D E R** |
| | ) |
| (FNU) CLARK et. al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed July 23, 2009. (Document No. 1.)

In his Complaint, Plaintiff alleges that the Defendants violated his constitutional rights while housed at Lanesboro Correctional Institution. Specifically, Plaintiff contends that he is allergic to wheat, yet on the morning of July 13, 2009, he was served oatmeal for breakfast. Plaintiff explained that he cannot yet the oatmeal because he is allergic to wheat. Defendants told Plaintiff that oatmeal is not wheat, so he could eat the oatmeal. On July 14, 2009 Plaintiff was agin served oatmeal for breakfast. After eating just a few bites, Plaintiff had difficulty breathing, began throwing up and his fac swelled for about fifteen minutes. Plaintiff told Defendants what happened, but he continued to receive oatmeal for breakfast for several more days. Plaintiff further contends that the head nurse knows about his allergy, but refuses to direct the kitchen to prepare him a special diet.

First, the Court questions whether this claim is sufficient to state a claim for relief. Next, the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. There is no doubt that

1

the PLRA's exhaustion requirement is mandatory. See <u>Anderson v. XYZ Correctional Heath Services</u>, 407 F.3d 674, 676-77 (4th Cir. 2005) citing <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002) ("once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy and effective. Even when the prisoner seeks relief not available in the grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." When considering a motion to dismiss for failure to exhaust, the district court must determine whether exhaustion was complete at the time of filing, not at the time when the court is rendering its decision on the Motion to Dismiss. <u>Johnson v. Jones</u>, 340 F.3d 624 (8th Cir. 2003). A Court may sua sponte dismiss a complaint for failure to exhaust if it is clear from the complaint that the inmate has not exhausted his administrative remedies. <u>Anderson v. XYZ</u>, 407 F.3d at 674. Here, Plaintiff checked the box on his form Complaint indicating that he had not exhausted his administrative remedies. Therefore, it is clear from the face of Plaintiff's Complaint that he has not exhausted his administrative remedies prior to filing suit. Because the PLRA requires that an inmate fully exhaust his administrative remedies before suing over prison conditions, and it is clear from the Plaintiff's Complaint that he has not exhausted his administrative remedies prior to filing his Complaint, Plaintiff's Complaint is dismissed without prejudice. <u>Anderson v. XYZ Correctional</u>, 407 F.3d 674, 682 (2005).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is dismissed without prejudice for failing to fully exhaust his administrative remedies prior to filing his Complaint.

**SO ORDERED.**

Signed: August 3, 2009

Graham C. Mullen
United States District Judge